PALMER v. The OSPREY. See Case No. 3,-763.

———

## Case No. 10,694.

### PALMER v. PRIEST et al.

### [1 Spr. 512.] [1]

District Court, D. Massachusetts. Jan., 1860.

#### PAYMENT—RECEIPT OF NOTE.

Where a material man who had trusted two owners of a vessel, afterwards received the negotiable note of one of them, and subscribed at the foot of the account the words "Rec'd payment," *held*, that this was, prima facie, payment of the account.

In admiralty.

C. T. & T. H. Russell, for libellant.
A. H. Fiske, for respondent.

SPRAGUE, District Judge. This is a suit by material men against the owners of a vessel, for repairs. It appears that the two defendants, Priest and Dodd, were the owners, and that the repairs were done on the credit of the vessel and owners. Priest was the ship's husband, but the libellant did not originally trust to him alone. The account bears date July 15th, 1856, on which day the negotiable promissory note of Priest was given, and the account was receipted by a writing at the foot, "Rec'd payment," and was signed by the libellants. The note was payable six months from date, and by the indorsement seems to have been negotiated, but is now produced by the libellants ready to be delivered up to the respondents.

Was the account paid and the original claim discharged by the taking of the note? If it was, the libellants can have their remedy only on the note. If it was not, they may sue on the original account, and the respondents are liable in this suit.

In Page v. Hubbard [Case No. 10,663], I had occasion to consider the Massachusetts doctrine upon this subject. The facts of that case, however, were different from the present. There the builder had a lien upon the vessel—here no lien is set up, or mentioned in the pleadings, and this suit is in personam. There, too, the receipt given, stated only that the notes were taken on account, here the re-

ceipt states that payment had been received. These differences are quite material. As to the first ground of difference, the general principle stated in the case of Page v. Hubbard [supra], might indeed cover the present, viz., that when the taking of the note would not materially affect the rights of the creditor, but merely substitute a second promise for the first, both being by the same parties, there it might be presumed that it was the intention of the parties that the first should be extinguished; but, that, if it would materially affect the right of the creditor, such ought not to be the presumption. This would seem also to apply to a case where there were other persons liable for the original debt, beside the person who signed the note, and in this case, if nothing appeared but the giving of the note by Priest, I should have great hesitation in saying that it would discharge the original claim of the creditors against both their debtors, and compel them to rely on one only, especially as it does not appear that Dodd has paid anything to Priest, or would now be in any worse condition, if liable to the libellants, than he would have been, if that note had never been given. It would seem from the case of French v. Price, 24 Pick. 13, and other cases there referred to, that the supreme court of Massachusetts were inclined to hold that knowingly taking the note of one of several debtors would prima facie discharge the others. In the case now before me, there is an express declaration made by the creditors at the time they received the note, that it was received in payment of a pre-existing debt. This declaration was in writing, being a receipt signed by them and delivered to Priest. If that declaration were literally true, it would certainly discharge the original claim.

In Sheehy v. Mandeville, 6 Cranch [10 U. S.] 253, a plea that a note was given "for and in discharge of" a pre-existing claim of goods sold and delivered, was held good, although, as the court viewed it, it was the note of one of two debtors.

In Kearslake v. Morgan, 5 Term R. 513, a plea that the negotiable note of the defendant was given to and received by the plaintiff "for and on account of" the sums of money previously owing from the defendant to the plaintiff, was held good. But in that case the note was not produced, and might have been in the hands of an indorsee. Where, then, it appears to the court, that the note of a sole debtor, or of one of several debtors, or of a third person, was by mutual agreement taken in discharge or payment of a pre-existing debt, the original claim is thereby extinguished, and the creditor can rely only on the note.

The receipt, in this case, is evidence that such was the agreement between these parties. It is not necessarily conclusive. It may be controlled, either by direct evidence or by circumstances. But here there is neither direct evidence, nor any circumstance in

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

any degree impairing the force of the receipt, and the libellants have therein declared that the note was received in payment. This is more direct and positive than in The Chusan [Case No. 2,717], where the receipt was of a note "for the above amount," or in Butts v. Dean, 2 Metc. [Mass.] 77, where the receipt was, "for balance of account to date." Libel dismissed.